**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| EBONY GRIFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-00979-ACL |
| | ) | |
| CALERES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on Plaintiff Ebony Griffin's second motion for leave to proceed *in forma pauperis* in this employment discrimination action. ECF No. 6. The Court directed Plaintiff to file a second motion after finding the first motion deficient. *See* ECF No. 5. Upon consideration of the second motion and the financial information provided therein, the Court finds that Plaintiff is unable to pay the filing fee and will grant Plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1). Plaintiff's first motion will be denied as moot.

As Plaintiff is now proceeding *in forma pauperis*, the Court is required to review the pleadings under 28 U.S.C. § 1915(e)(2) and must dismiss claims that are frivolous, malicious, fail to state a claim upon which relief can be granted, or seek monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Briefly, in the amended complaint[1] at bar, Plaintiff brings this action under Title VII of the

---

[1] Because the filing of an amended complaint completely replaces all previously filed complaints and supplements, the amended complaint is the operative complaint, and it is the only pleading reviewed by the Court. *See In re Wireless*

Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*., alleging retaliation for participation in protected activity.  To establish a prima facie case of retaliation, a plaintiff must show that: (1) she engaged in protected conduct; (2) she suffered a materially adverse employment action; and (3) the adverse action was causally linked to the protected conduct.  *Jackman v. Fifth Jud. Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013) (citation omitted).  Here, Plaintiff sets forth factual allegations establishing these three requirements for a prima facie case.  Additionally, Plaintiff avers she filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) to assert the same claims alleged in the amended complaint.  Plaintiff provided a copy of the 'Determination and Notice of Rights' letter which was issued by the EEOC on June 16, 2025, giving her ninety days in which to file a lawsuit under federal law.  Plaintiff filed this action on June 30, 2025.  Accordingly, based upon Plaintiff's averments and the record before the Court, it appears this action is timely, and that Plaintiff has exhausted administrative remedies. The Court will allow this case to proceed against defendant Caleres, Inc.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's second motion for leave to proceed *in forma pauperis* [ECF No. 6] is **GRANTED** and the filing fee is waived.  *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that Plaintiff's first motion for leave to proceed *in forma pauperis* [ECF No. 2] is **DENIED as moot**.

---

*Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

**IT IS FINALLY ORDERED** that the Clerk of Court shall issue process or cause process to issue on Plaintiff's Amended Complaint Title VII retaliation claim by serving defendant Caleres, Inc. via its designated agent, CSC-Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, MO 65101.

Dated this 15th day of October, 2025.


*/s/ Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE