UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EBONY GRIFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25 CV 979 CDP |
| | ) | |
| CALERES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Ebony Griffin, proceeding pro se, brings this employment discrimination action against her former employer, defendant Caleres, Inc.  She alleges that Caleres terminated her in retaliation for reporting discriminatory conduct and filing a charge of discrimination with the EEOC, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*  Caleres has moved for partial dismissal of the amended complaint.  For the reasons that follow, I will deny the motion.

### **Background**

In her amended complaint, Griffin alleges that she began working for Caleres in 2019 and accepted a lateral transfer to a position in a different division in February 2023.  Shortly after the transfer, she began experiencing discriminatory treatment on the basis of gender and race.  Griffin alleges that her supervisor, Brandon Vernhoff,

improperly denied her sick leave, made discriminatory comments towards her, and unfairly criticized her in 2023.  She reported Vernhoff's conduct to Human Resources (HR), but no corrective action was taken.

In August 2023, she was called into an unexpected performance review meeting where she was falsely accused of making mistakes.  When Griffin told HR business partner Tiffany Domalgaski that she believed the false accusations were retaliatory, Domalgaski became hostile.  The meeting caused Griffin such significant stress that she sought medical attention and was diagnosed with dangerously high blood pressure.  She then contacted the Equal Employment Opportunity Commission (EEOC) and met with an investigator, but she did not file a formal charge due to fear of retaliation.  Instead, she raised the issue with Caleres's Vice President of DEI, at which time the overt harassment briefly lessened, but Vernhoff continued making inappropriate comments based on race and gender.  Shortly after Griffin contacted the EEOC, Caleres placed her in a mentorship program to delay her from filing a formal charge of discrimination with the EEOC until the time to do so expired.

In June 2024, shortly after Griffin's time to file her EEOC charge expired, defendant's overt harassment and retaliation resumed.  On June 27th, Griffin called the EEOC again, asked to move forward with her original claim, and was told that the EEOC would look into whether the case could be reopened based on evidence of ongoing retaliation.  During a meeting on June 30th, HR told Griffin that she must

either accept a 60-day temporary position or be placed on a baseless performance improvement plan. On July 2, 2024, she filed a new EEOC charge and notified defendant of the charge via email. In a meeting the next day, Griffin was told that her position would be terminated on July 8, 2024, and she responded that Caleres had no valid reason for terminating her and was retaliating against her. Despite HR's claim that no one would be hired to fill her position, Caleres hired two white men after Griffin was terminated. Griffin alleges that Caleres has continued to retaliate against her by giving false, negative references to prospective employers, which has prevented her from finding a comparable position.

Caleres moves to partially dismiss the amended complaint, arguing that Griffin failed to exhaust certain allegations in her retaliation claim.[1] Along with the motion, Caleres has submitted Griffin's most recent charge of discrimination, which lists July 8, 2024 as the earliest date of discrimination.[2] Caleres asserts that Griffin's

---

[1] In a footnote, Caleres asks to be dismissed from the case, asserting that it is not properly named as a defendant because a different company, BG Retail, LLC, was Griffin's employer during the relevant time period. I decline to address Caleres's request, as it is improperly raised in a footnote without any supporting argument or legal authority. *See Milligan v. City of Red Oak*, 230 F.3d 355, 360 (8th Cir. 2000) (issues mentioned in passing without any supporting argument or authority are waived); *see also Brady v. Medtronic, Inc.*, No. 13-cv-62199-RNS, 2014 WL 1377830, at *8 n.1 (S.D. Fla. Apr. 8, 2014) ("A footnote is the wrong place for substantive arguments on the merits of a motion.").

[2] I may consider the charge of discrimination filed with Caleres's motion without converting it into a motion for summary judgment because the charge is a matter of public record. *See Blakley v. Schlumberger Tech. Corp.*, 648 F.3d 921, 931 (8th Cir. 2011) ("We have previously held that an EEOC charge is a part of the public record and may be considered on a motion to dismiss.").

allegations about events that took place before July 8, 2024 are not exhausted and should therefore be stricken because there is nothing in Griffin's charge suggesting that the EEOC should have investigated anything before that date. Griffin opposes the motion.

## Legal Standard

To survive a motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true and liberally construe the complaint in a light most favorable to the plaintiff. *Kottschade v. City of Rochester*, 319 F.3d 1038, 1040 (8th Cir. 2003). This is especially true when, as here, a plaintiff is proceeding pro se. "A pro se complaint must be liberally construed, . . . and pro se litigants are held to a lesser pleading standard than other parties." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (citation modified). Nevertheless, pro se pleadings must state sufficient facts that, taken as true, support the claims advanced. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

## Discussion

"[A] plaintiff will be deemed to have exhausted administrative remedies if the allegations of the judicial complaint are like or reasonably related to the administrative charges that were timely brought." *Wedow v. City of Kansas City*,

Mo., 442 F.3d 661, 672 (8th Cir. 2006) (quoting *Anderson v. Block*, 807 F.2d 145, 148 (8th Cir. 1986)). "[T]he administrative complaint must be construed liberally in order not to frustrate the remedial purposes of Title VII, . . . and the plaintiff may seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge." *Nichols v. Am. Nat'l Ins. Co.*, 154 F.3d 875, 886-87 (8th Cir. 1998) (citation modified).

After reviewing the amended complaint, Griffin's EEOC charge, and the parties' briefs, I find that Caleres's motion must be denied. Although Caleres asserts that there is nothing in Griffin's charge suggesting that the EEOC's investigation should have included events that took place before July 8, 2024, the charge shows otherwise. In the narrative portion of the charge, Griffin refers to multiple events that took place before her termination, including allegations that her supervisor made racist comments, that she was in good standing with Caleres before she submitted her complaint to the EEOC, that she notified Caleres of her EEOC complaint, and that her supervisor retaliated by threatening her to either be placed on a performance improvement plan or be terminated. Thus, the amended complaint's allegations about events leading up to Griffin's termination – including her supervisor's discriminatory comments and actions, her internal reports of discrimination, her formal EEOC charge, her email notifying Caleres of the EEOC charge, and Caleres's alleged negative reactions to her protected conduct – are plainly "related to the

substance of the allegations in the administrative charge." *Nichols*, 154 F.3d at 886-87. Because Caleres has provided no valid basis for striking Griffin's allegations, I will deny its motion.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Caleres's Motion to Dismiss [14] is **DENIED**.

This case will be set for a Track 2 Rule 16 scheduling conference by separate order.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of February, 2026.