UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EBONY GRIFFIN,<br><br>Plaintiff,<br><br>vs.<br><br>CALERES, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:25CV979 CDP |

**MEMORANDUM AND ORDER**

Self-represented plaintiff Ebony Griffin has filed both a motion for appointment of pro bono neutral and a motion for appointment of counsel. She has previously been granted leave to proceed *in forma pauperis* and so was not required to pay the filing fee. I will require that she file her request for appointment of pro bono neutral on the Court-provided form. I will direct the Clerk of Court to send her the Court's form Motion and Order Concerning Appointment of Pro Bono Neutral.

As to her motion to appoint counsel, although Title VII provides that a court may appoint counsel to represent a plaintiff under "such circumstance as the court may deem just," 42 U.S.C. § 2000e-5(f)(1), there is no right to appointed counsel in a civil case such as this. *See Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984). Instead, in all civil cases the decision whether to make

an appointment is within the Court's discretion. Among the factors that are relevant to the Court's decision are the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments. *See Phillips v. Jasper County Jail,* 437 F.3d 791, 794 (8th Cir. 2006). I do not believe that appointment of counsel for this case would necessarily be of benefit to the plaintiff and to the Court. Plaintiff's filings indicate that she is able to represent herself: the case does not appear factually or legally complicated; plaintiff has filed several motions and briefs that indicate she understands the legal issues, has access to adequate legal research materials, and can explain her arguments thoroughly in writing. Therefore I will deny her motion for appointment of counsel for the case.

I do believe, however, that plaintiff may benefit from having appointment of limited-scope counsel for purposes of the upcoming mediation. The Court's program for limited-scope counsel for Alternative Dispute Resolution has certain limitations that plaintiff must understand. I will direct the Clerk of Court to send her the Court's Notice Regarding Limited Scope Counsel for Alternative Dispute Resolution and the Court's form Motion for Appointment of ADR Pro Bono Limited Scope Counsel. If plaintiff wishes to have limited-scope counsel appointed for purposes of the mediation, she must fill out the Court's form motion,

which includes her acknowledgement that the duties of the appointed limited-scope counsel cease once the ADR process ends.

If plaintiff wishes to have the appointments indicated, she must fill out and file these forms as soon as possible.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Appointment of Proposed Neutral to Serve Pro Bono [39] and her Motion for Appointment of Counsel [40] are denied without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send plaintiff the Court's form Motion and Order Concerning Appointment of Pro Bono Neutral and the Court's Notice Regarding Limited Scope Counsel for Alternative Dispute Resolution and form Motion for Appointment of ADR Pro Bono Limited Scope Counsel.

Catherine D Perry

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of September, 2026.